## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | |
|---|---|
| INTERNATIONAL REFUGEE ASSISTANCE PROJECT, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> Defendants. | Civil Action No. TDC-17-0361 |
| IRANIAN ALLIANCES ACROSS BORDERS, UNIVERSITY OF MARYLAND COLLEGE PARK CHAPTER, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> Defendants. | Civil Action No. TDC-17-2921 |
| EBLAL ZAKZOK, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> Defendants. | Civil Action No. TDC-17-2969 |

## MEMORANDUM OPINION

On May 2, 2019, the Court issued a Memorandum Opinion and Order granting in part and denying in part a Motion to Dismiss filed by Defendants ("the Government") in these three cases.

As relevant here, the Court denied the Motion to Dismiss as to Plaintiffs' claims that Proclamation No. 9645, Enhancing Vetting Capabilities and Processes for Detecting Attempted Entry into the United States by Terrorists or Other Public Safety Threats (the "Proclamation"), 82 Fed. Reg. 45,161 (Sept. 27, 2017), violated their rights under the Establishment Clause, free speech, and freedom of association components of the First Amendment to the United States Constitution, and the due process and equal protection components of the Fifth Amendment to the Constitution (collectively, the "Constitutional Claims"). On June 20, 2019, the Government filed a Motion for Certification of this Court's Opinion for Interlocutory Appeal and for a Stay of Discovery, pursuant to 28 U.S.C. § 1292(b), requesting that the Court certify its May 2, 2019 Memorandum Opinion and Order for an interlocutory appeal and stay discovery in all three cases until the resolution of the appeal. Upon review of the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion is GRANTED IN PART and DENIED IN PART.

## DISCUSSION

### I.     Legal Standards

A district court may certify for appeal an order that is not otherwise appealable if it concludes (1) that the order involves a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) that an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b) (2012). Piecemeal interlocutory appeals should be "avoided" because review of non-final judgments is "effectively and more efficiently reviewed together in one appeal" at the end of litigation. *James v. Jacobson*, 6 F.3d 233, 237 (4th Cir. 1993). Since certification under § 1292(b) should be granted "sparingly," the statute's requirements must be "strictly construed." *United States ex rel. Michaels*

v. *Agape Senior Cmty., Inc.*, 848 F.3d 330, 340 (4th Cir. 2017) (quoting *Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989)).

The United States Court of Appeals for the Fourth Circuit has defined a controlling question of law to be a "pure question of law," that is, "an abstract legal issue that the court of appeals can decide quickly and cleanly." *Id.* (quoting *Mamani v. Berzain*, 825 F.3d 1304, 1312 (11th Cir. 2016)). A pure question of law does not require the appellate court "to delve beyond the surface of the record in order to determine the facts." *Id.* at 341 (quoting *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004)). In contrast, a question is not a controlling question of law where the appellate court is asked to consider "whether the district court properly applied settled law to the facts or evidence of a particular case." *Id.* (quoting *McFarlin*, 381 F.3d at 1259). In *Agape*, the Fourth Circuit held that whether the Attorney General has "absolute veto power over voluntary settlements in" *qui tam* actions under the False Claims Act was "[s]uch a pure question of law," but, in contrast, whether statistical sampling was a permissible means of proving the plaintiff's claims "based on the particular facts and evidence in this case" was not a pure question of law "subject to . . . interlocutory review." *Id.* at 336, 339, 341.

If "controlling law is unclear," there may be substantial grounds for difference of opinion for purposes of § 1292(b). *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). Therefore, courts find substantial grounds "where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Id.* However, the "mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient." *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996). Lack of unanimity among courts, *North Carolina ex rel. Howes v. W.R. Peele, Sr. Trust*, 889 F. Supp. 849, 852 (E.D.N.C. 1995), and a lack of relevant

authority, *Union County v. Piper Jaffray & Co., Inc.*, 525 F.3d 643, 647 (8th Cir. 2008), do not suffice. Similarly, a party's disagreement with the decision of the district court, no matter how strong, does not create substantial grounds. *Couch*, 611 F.3d at 633.

Under the material-advancement prong, certification of an interlocutory appeal is appropriate only "in exceptional situations in which doing so would avoid protracted and expensive litigation." *Fannin v. CSX Transp., Inc.*, 873 F.2d 1438, 1989 WL 42583, at *2 (4th Cir. 1989) (quoting *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982)); *see Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) (holding that an interlocutory appeal would materially advance resolution of litigation where reversal by the appellate court would dismiss one defendant and resolve multiple claims against all defendants, even though it would not resolve the entire case).

In its recent decision in *In re Trump*, 928 F.3d 360 (4th Cir. 2019), the Fourth Circuit stated that "'district courts should not hesitate to certify an interlocutory appeal' under § 1292(b) when a decision 'involves *a new legal question* or *is of special consequence*.'" *Id.* at 369 (quoting *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 111 (2009)). In concluding that certification was warranted, the court highlighted that the district court was the "first ever to permit a party to pursue relief under the Emoluments Clauses," that at least one other district court had disagreed with its reasoning, and that the case presented "novel and difficult constitutional questions," "has national significance," and "could result in an unnecessary intrusion into the duties and affairs of a sitting president." *Id.* at 368–70.

## II.    Interlocutory Appeal

The Government asks the Court to certify its May 2, 2019 Order granting in part and denying in part the Government's Motion to Dismiss the complaints in all three cases.

4

Specifically, the Government requests certification of whether (1) the claim that the Proclamation violates the First and Fifth Amendments should be evaluated under the standard articulated in *Kleindienst v. Mandel*, 408 U.S. 753 (1972), or under rational basis review, as the United States Supreme Court did in *Trump v. Hawaii*, 138 S. Ct. 2392 (2018); (2) the Supreme Court in *Hawaii* held that the Proclamation satisfies rational basis review as a matter of law such that any constitutional challenge to the Proclamation is foreclosed; (3) the Plaintiffs in all three cases have adequately stated a claim that the Proclamation satisfies rational basis review; and (4) Plaintiffs have cognizable legal interests for the purposes of their due process, Establishment Clause, and equal protection claims.

The Court doubts that the issues identified by the Government constitute controlling questions of law as to which there is substantial ground for difference of opinion. Regarding whether the *Mandel* or rational basis standard applies to constitutional challenges to the Proclamation, the Supreme Court resolved this question in *Hawaii* by analyzing the Establishment Clause challenge to the Proclamation under the rational basis standard. *See Hawaii*, 138 S. Ct. at 2420. Thus, unlike in *In re Trump*, where the interpretation of the Emoluments Clause was a "novel and difficult" matter of first impression, *In re Trump*, 928 F.3d at 369, here, the Supreme Court has already considered and ruled on this issue. Notably, courts that have been asked to consider the applicable standard since *Hawaii* have read that opinion as calling for rational basis review of constitutional claims challenging the Proclamation, *see, e.g.*, *Arab Am. Civil Rights League v. Trump*, No. 17-10310, 2019 WL 3003455, at *8 (E.D. Mich. July 10, 2019); *Alharbi v. Miller*, 368 F. Supp. 3d 527, 562 (E.D.N.Y. 2019), such that there is likely not "substantial ground for difference of opinion," 28 U.S.C. § 1292(b). The Court is equally unpersuaded that whether Plaintiffs have adequately stated a claim is a controlling question of law, because evaluating that

5

question, like the statistical sampling ruling in *Agape*, amounts to asking the Fourth Circuit to considered "whether the district court properly applied settled law to the facts or evidence of a particular case." *Agape*, 848 F.3d at 341.

As to the question whether the Supreme Court has conclusively stated that the Proclamation satisfies rational basis review as a matter of law, this Court concluded in its ruling on the Motion to Dismiss that because rational basis analysis is usually a fact-intensive inquiry made after a full consideration of the factual record, the Supreme Court's conclusion was not determinative because it was based on the incomplete and different record before it on a motion for a preliminary injunction in another case, rather than the full record yet to be developed in the present case. *See, e.g., Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 442–44 (1985) (considering rational basis review on a complete factual record). Even if this issue were deemed a "pure question of law" rather than the application of law to "the facts or evidence of a particular case," *Agape*, 848 F.3d at 340–41, there is no disagreement among circuits on this issue to date. *See Couch*, 611 F.3d at 633. The presence of other district courts' disagreement with this Court's analysis, *see Alharbi*, 368 F. Supp. 3d at 565; *Emami v. Nielsen*, 365 F. Supp. 3d 1009, 1022–23 (N.D. Cal. 2019), does not necessarily constitute substantial grounds for disagreement. *See Couch*, 611 F.3d at 633; *W.R. Peele, Sr. Tr.*, 889 F. Supp. at 852.

Finally, as for the question whether Plaintiffs have asserted cognizable legal interests for purposes of some of their Constitutional Claims, the question whether they have such an interest for purposes of an Establishment Clause claim has effectively already been presented to and decided favorably by the Supreme Court and Fourth Circuit when both courts found that Plaintiffs had standing to assert that claim. *See Hawaii*, 138 S. Ct. at 2416 (holding that "a person's interest in being united with his relatives is sufficiently concrete and particularized to form the basis of an

6

Article III injury in fact" for the purposes of an Establishment Clause claim); *Int'l Refugee Assistance Project v. Trump* ("*IRAP*"), 883 F.3d 222, 258, 260 (4th Cir. 2018) (stating that "the same injury can provide Plaintiffs with standing for multiple claims" and finding that plaintiffs demonstrated a cognizable injury in "experiencing prolonged separation from close family members who have been rendered categorically ineligible for visas"), *judgment vacated*, 138 S. Ct. 2710 (2018). On the question whether a United States citizen has a cognizable liberty interest in reunification with family members for purposes of a due process claim, one circuit has accepted this Court's position, *Bustamante v. Mukasey*, 531 F.3d 1059, 1062 (9th Cir. 2008); *see also IRAP*, 883 F.3d at 332 (Wynn, J., concurring), other circuits have assumed the existence of such a right, *Yafai v. Pompeo*, 912 F.3d 1018, 1021 (7th Cir. 2019); *Ali v. United States*, 849 F.3d 510, 555 & n.3 (1st Cir. 2017), and the Supreme Court has considered but not decided the issue, *Kerry v. Din*, 135 S. Ct. 2128, 2143–43 (2015) (Kennedy, J., concurring). Under these circumstances, the Government has not shown that there is substantial ground for difference of opinion. *Couch*, 611 F.3d at 633; *W.R. Peele, Sr. Tr.*, 889 F. Supp. at 852.

However, where the Fourth Circuit appears to have expanded the reach of § 1292(b) in *In re Trump*, the Court will grant the Motion as to certification of an interlocutory appeal. *See In re Trump*, 928 F.3d at 368–72. Since the Plaintiffs' Constitutional Claims are their only remaining claims, reversal of the Court's May 2, 2019 ruling denying dismissal of those claims would dispose of the entire case. *See Reese*, 643 F.3d at 688. Here, Plaintiffs challenge the Proclamation's "admission and exclusion of foreign nationals," which is a "fundamental sovereign" power assigned to the President and Congress, and their claims implicate the sitting President's statements and conduct as facially discriminatory. *Hawaii*, 138 S. Ct. at 2418. Consequently, this case "has national significance and is of special consequence." *In re Trump*, 928 F.3d at 368

7

(emphasis omitted). Moreover, other district courts, although without significant analysis, have disagreed with this Court's conclusion that the Supreme Court's finding in *Hawaii* of a rational basis for the Proclamation based on the record before it on a motion for a preliminary injunction does not foreclose a different finding on a more fulsome record with respect to different parties and claims. *See id.* at 370–71 (considering a contrary ruling by another district court as illustrating a "substantial ground for difference of opinion"); *Alharbi*, 368 F. Supp. 3d at 562; *Emami*, 365 F. Supp. 3d at 1022–23. *But see Arab Am. Civil Rights League*, 2019 WL 3003455, at \*10 (denying a motion to dismiss a constitutional challenge to the Proclamation based on the finding that *Hawaii* was not dispositive of such challenges). Accordingly, the Government's Motion will be granted.

## III.    Stay of Discovery

Although the Government has stated that it is seeking a stay of discovery pending any appeal, an appeal under § 1292(b) "shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." 28 U.S.C. § 1292(b). The Court will not grant a stay at this time. Since the first executive order affecting entry of certain immigrants and nonimmigrants was entered in January 2017, the individual Plaintiffs have been separated from their family members for more than two and one-half years. Some of these family members are elderly, very ill, or at risk of persecution. Where this case has already been subject to a lengthy stay to permit appellate review of the Court's preliminary injunction, an additional stay at this point has significant potential to harm the Plaintiffs, as the Court stated more than a year ago in its April 24, 2018 Memorandum Opinion. *See Int'l Refugee Assistance Project v. Trump*, 323 F. Supp. 3d 726, 735–36 (4th Cir. 2018). Conversely, the Court does not find that there will be harm to the Government by not granting a stay. *See id.* at 735. The Government's claims that discovery requests will improperly burden the Government, and that discovery disputes

will impact judicial economy, are premature. The Court will consider and resolve discovery disputes, if any, as they arise, with due regard to all arguments offered by the parties and consideration of the interests of the parties and the need for judicial economy. Accordingly, the Court finds that the balance of the equities does not favor granting a stay.

## CONCLUSION

For the foregoing reasons, the Government's Motion for Certification of this Court's May 2, 2019 Memorandum Opinion and Order for Interlocutory Appeal and for a Stay of Discovery, will be GRANTED IN PART and DENIED IN PART. The Motion will be granted to the extent that the Court will certify an interlocutory appeal of the Court's ruling on the Motion to Dismiss to the United States Court of Appeals for the Fourth Circuit. The Motion will be denied to the extent that the Court will not stay discovery during the pendency of any appeal.

Date: August 19, 2019

THEODORE D. CHUANG
United States District Judge